POMARICI v. ROSENBLUM.

(Supreme Court, Appellate Term. January 21, 1910.)

1. BROKERS (§ 48*)—COMMISSIONS—WHEN EARNED.

A broker, employed to procure a purchaser of real estate, who introduced the same and the owner to the purchaser, and who was present during the drawing and modification of the contract of sale, which was ultimately carried out, was entitled to his commission, though he agreed to wait therefor until the passing of title, and to waive commission if title did not pass.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 65; Dec. Dig. § 48.*]

2. BROKERS (§ 65*)—COMMISSIONS—RIGHT TO RECOVER.

The fact that one who was employed by an owner to procure a purchaser of real estate violated in so doing his contract of employment with a third person engaged in the real estate business did not defeat his right to recover his commission from the owner on procuring a purchaser.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Camillo Pomarici against Fannie Rosenblum. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, DAYTON, and LEHMAN, JJ.

Giuseppe L. Maggio, for appellant.

Francis B. Chedsey, for respondent.

PER CURIAM. Action for broker's commissions. Judgment for defendant. Plaintiff appeals.

From the 369 typewritten pages of testimony and the exhibits in the case, the finding of the trial court cannot be sustained. In the first place the purchasers, Galgano and Cassola, who had no interest in this controversy, testified that plaintiff introduced the property and the defendant to them. Incontestably plaintiff was present during the drawing and modification of the contract ultimately carried out. Plaintiff in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

writing agreed to wait for his commission until the passing of title, and to waive commissions if title did not pass. Defendant's son in his testimony spoke of plaintiff as the broker.

The defense consisted in an effort to show that Giuseppe Tuoti was the broker, and that plaintiff was his employé. An agreement between M. Santagelo & Co. (Tuoti being one of that firm) with plaintiff, whereby the latter agreed to act as manager in the banking business of the former for five years, was put in evidence. Tuoti was called and testified that he, too, was in the real estate business, and that plaintiff was his employé there also. Defendant's son requested plaintiff to divide commissions with Mr. Tuoti. Plaintiff refused. Two checks, of $10 each, dated in April, 1908, to plaintiff's order, drawn by M. Santagelo & Co. for salary, were received under objection. Plaintiff's violation of any agreement with his employers (if, indeed, such was the fact on the proofs, which is doubtful) concerned his employers, and not defendant. Tuoti also testified that he secured the purchasers. His lengthy cross-examination seriously affected his credibility, aside from the testimony of the purchasers to the contrary.

Plaintiff's case was not overcome, even considering the admission of much immaterial testimony as to Tuoti's claimed relation to the transaction, which only had the effect of clouding the real issue. The finding is not sustained by the evidence, and is against the weight of evidence. The interests of justice require that it be set aside.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.